**CV 13         4877**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
**Darese Hayde**                                          :    Civil Action No.
                                                          :
                         **PLAINTIFF,**                   :    **COMPLAINT**
       v.                                                 :
                                                          :    Plaintiff Demands
**Atlantic Automobile Group, Inc.,**                      :    a Trial by Jury
**Millennium Hyundai,**                      WEXLER, J.
**John Staluppi,** *individually, and*                    :
**John Barbaro,** *individually.*                         :
                         **DEFENDANTS.**                  :
----------------------------------------------------------------x

       Plaintiff Darese Hayde ("Ms. Darese" or "Plaintiff"), by her attorneys, LEVINE & BLIT, PLLC, complaining of Defendants Atlantic Automotive Group, Inc. ("Atlantic" or "Defendant"), Millennium Hyundai ("Millennium" or "Defendant"), John Staluppi, individually ("Staluppi" or "Defendant") and John Barbaro, individually ("Barbaro" or "Defendant") (collectively "Defendants"), respectfully alleges upon information and belief:

NATURE OF THE ACTION

1.     This action is brought to remedy unpaid overtime wages, unpaid commission, unpaid bonus and unlawful retaliatory termination for opposition to unlawful employment practices in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("Labor Law").

2.     Defendants' actions were unlawful and Plaintiff seeks injunctive and declaratory relief, monetary, compensatory and punitive damages, liquidated damages, interest, attorneys' fees, and other appropriate legal and equitable relief pursuant to the FLSA and Labor Law and such other further relief as this Court deems necessary and proper.

JURISDICTION AND VENUE

3.     Jurisdiction of this Court is proper under 28 U.S.C. §1331, because the matter in controversy is a civil action arising under the Constitution, laws or treaties of the United States.

4. Supplemental jurisdiction over Plaintiff's state law claims is proper under 28 U.S.C. §1367.

5. Venue of this action in the Eastern District of New York under 28 U.S.C. §1391 is appropriate as Defendant has its principle place of business within the district, and that the Eastern District is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

PARTIES

6. Plaintiff is a forty-seven (47) year old female and at all times relevant to this case was a resident of the County of Suffolk and the State of New York. She is currently a resident of the County of Kings.

7. Upon information and belief, Staluppi, is an individual New York resident, and is the Owner of Atlantic and Millennium.

8. Upon information and belief, Barbaro, is an individual New York resident, and was the General Manager of Atlantic and Millennium.

9. Defendant Millennium is a domestic business corporation with a principle place of business at 220 North Franklin Street, Hempstead, NY 11501. Upon information and belief Millenium's parent company is Defendant Atlantic.

10. Upon information and belief, Defendant Atlantic is a domestic business corporation with a principle place of business at 193 Sunrise Hwy., West Islip, NY 11795.

11. At all times relevant to this action, Defendants were "employers" of Plaintiff within the meaning of the Labor Law§§ 190(3) and 651(6) and FLSA § 203(d).

12. Upon information and belief, at all times relevant to this action, Defendant Millennium has been an enterprise engaged in interstate commerce within the meaning of the FLSA, 29

1

U.S.C § 207(a) insofar that it: (1) has had employees engaged in commerce or in the production of goods for commerce, and handles, sells or otherwise works on goods or materials that have been moved in or produced for commerce by any person; and (2) has had annual gross volume of sales not less than $500,000.

13. Upon information and belief, at all times relevant to this action, Defendant Atlantic has been an enterprise engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C § 207(a) insofar that it: (1) has had employees engaged in commerce or in the production of goods for commerce, and handles, sells or otherwise works on goods or materials that have been moved in or produced for commerce by any person; and (2) has had annual gross volume of sales not less than $500,000.

14. At all times relevant to this action, Plaintiff was an "employee" of Defendants within the meaning of the Labor Law and FLSA, and entitled to protection. At all times relevant to this action, Plaintiff performed services as employee for Defendant in New York.

15. At all times relevant to this action, Plaintiff had the skills, experience and qualifications necessary to work in her employment position for the Defendants.

## FACTUAL ALLEGATIONS

16. Ms. Hayde began her employment tenure with Defendants in or about July, 2011. At all times relevant to this complaint, Ms. Hayde was employed by Defendants as a Business Development Representative ("BDC Rep"), and was a non-exempt employee under the FLSA and Labor Law.

17. Ms. Hayde's starting pay rate with Defendants was $450/week. Her ending pay rate with Defendants was $11.25/hour.

18. As a BDC Rep, Ms. Hayde's job responsibilities included sales, setting appointments, and other, basic, office work. Ms. Hayde held no advanced degree, nor had specialized, professional knowledge or expertise.

19. Throughout Ms. Hayde's employment tenure with Defendant, Ms. Hayde regularly worked more than forty hours per week. For most weeks in which Ms. Hayde worked greater than forty hours in a work week, Ms. Hayde was not paid overtime wages.

20. As part of Ms. Hayde's employment, Ms. Hayde was promised commission for each car that was sold to a customer whose appointment she made. The commission rate was approximately $20 per car.

21. Approximately 25-30 cars were sold per month to customers that Ms. Hayde made appointments with. Ms. Hayde should have received a commission on each of those cars sold. Ms. Hayde received no commissions on any cars sold to customers whose appointments she made.

22. Additionally, Ms. Hayde was also to receive a bonus commission from defendants based on a monthly sales quota. Specifically, at fifteen (15) cars sold per month, Ms. Hayde was to receive a bonus commission of approximately $200. At twenty five (25) cars sold per month, Ms. Hayde was to receive a bonus commission of approximately $400. Though for numerous months the cars sold exceeded the sales quotas, Ms. Hayde received no bonus commission payments from defendants.

23. Ms. Hayde repeatedly made demands for her overtime wages, commissions, and bonus commissions to be paid. The complaints by Ms. Hayde were generally to her General Manager, Mr. John Barbaro, and to Human Resources. However, Ms. Hayde was continually ignored and rebuffed. Ms. Hayde's final complaint of unpaid overtime wages and unpaid commissions came just days before her retaliatory termination.

24. On or about November 4, 2011, Defendants terminated Plaintiff in retaliation for her protected complaints under the FLSA and Labor Law.

25. Ms. Hayde is in possession of limited records regarding her compensation by Defendants.

Ms. Hayde's pay records, which include some pay stubs and time cards, specifically show that Defendant failed to pay Ms. Hayde overtime wages regularly.

26. Upon information and belief, Defendants maintain full and accurate records regarding the wages paid and hours worked of Ms. Hayde, as required by the FLSA and Labor Law.

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS
(Unpaid Overtime Wages Under the FLSA)

27. Plaintiff hereby repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

28. At all times relevant to this action, Defendants were employers engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207(a).

29. Defendants failed to pay Plaintiff overtime premiums of 1.5 times her regular rate of pay for all hours worked in excess of forty in a week in violation of 29 U.S.C. § 207(a).

30. Defendants failure to pay overtime premiums was willful.

31. As a result of Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants her unpaid overtime wages, and an equal amount representing the statutorily prescribed liquidated damages, as well as reasonable attorneys' fees and costs of this action, and interest, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS
(Unpaid Overtime Wages Under the Labor Law)

32. Plaintiff hereby repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

33. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of Labor Law §§ 2 and 651.

34. Defendants failed to pay Plaintiff overtime premiums of 1.5 times her regular rate of pay in violation of the Labor Law.

35. Defendants failure to pay overtime premiums was willful.

36. As a result of Defendants' Labor Law violations, Plaintiff is entitled to recover from Defendants her unpaid overtime wages, and an equal amount representing the statutorily prescribed liquidated damages, as well as reasonable attorneys' fees and costs of this action, and interest, pursuant to Labor Law.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS
(Non-payment of Commission Wages under NY Labor Law)

37. Plaintiff hereby repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

38. At all times relevant to the complaint, plaintiff was an "employee" and defendants were an "employer" within the meaning of the New York Labor Law.

39. At all times relevant to the complaint, plaintiff was to be paid by the defendants on a commission basis in addition to receiving her regular wages. Monies earned by commission should have accounted for a substantial portion of the plaintiff's earnings.

40. At all times relevant to the complaint, plaintiff's commission was calculated as approximately $20 for each car that was sold to a customer whose appointment she made.

41. Approximately 25-30 cars were sold per month to customers that Ms. Hayde made appointments with. Ms. Hayde should have received a commission on each of those cars sold.

42. At all times relevant to the complaint, defendants have not paid to plaintiff commissions based on the number of cars sold.

43.   Defendants' willful failure and refusal to pay plaintiff's commission wages due and owing to plaintiff is a violation of the New York Labor Law 191-c.

44.   As a result of the foregoing, plaintiff has been denied wages and has incurred damages thereby, including but not limited to her actual monetary and compensatory damages, liquidated damages in the amount of one hundred percent of the total amount due and reasonable attorneys fees, costs, and interest.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANT
(Non-payment of Commission Wages under NY Labor Law)

45.   Plaintiff hereby repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

46.   At all times relevant to the complaint, plaintiff was an "employee" and defendants were an "employer" within the meaning of the New York Labor Law.

47.   At all times relevant to the complaint, plaintiff was to be paid by the defendants on a commission basis in addition to receiving her regular wages. Monies earned by commission should have accounted for a substantial portion of the plaintiff's earnings.

48.   Ms. Hayde was also to receive a bonus commission from defendants based on a monthly sales quota. Specifically, at fifteen (15) cars sold per month, Ms. Hayde was to receive a bonus commission of approximately $200. At twenty five (25) cars sold per month, Ms. Hayde was to receive a bonus commission of approximately $400.

49.   Though for numerous months the cars sold exceeded the sales quotas, Ms. Hayde received no bonus commission payments from defendants.

50.   At all times relevant to the complaint, defendants have not paid to plaintiff bonus commissions based on exceeding the sales quota.

51. Defendants' willful failure and refusal to pay plaintiff's commission wages due and owing to plaintiff is a violation of the New York Labor Law 191-c.

52. As a result of the foregoing, plaintiff has been denied wages and has incurred damages thereby, including but not limited to her actual monetary and compensatory damages, liquidated damages in the amount of one hundred percent of the total amount due and reasonable attorneys fees, costs, and interest.

## FIFTH CAUSE OF ACTION AGAINST DEFENDANT
(Retaliatory Termination under FLSA § 215)

53. Plaintiff hereby repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

54. At all times relevant to this action, Defendants were employers engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207(a).

55. Plaintiff complained to Defendant about violations of the FLSA, specifically the failure to pay overtime premiums.

56. As a result of these complaints, Defendant terminated plaintiff's employment.

57. Defendant's actions were motivated by Plaintiff's complaints about the failure to receive overtime wages.

58. Defendant's conduct constitutes unlawful retaliation in violation of, *inter alia*, FLSA § 215.

59. Defendant's actions were willful.

60. Due to Defendant's violations, Plaintiff is entitled to the rights denied her, including back

7

pay, front pay, and compensatory damages and punitive damages, interest, attorneys' fees and costs, all in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION AGAINST DEFENDANT
(Retaliatory Termination under Labor Law §215)

61. Plaintiff hereby repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

62. Plaintiff complained to Defendants about violations of the Labor Law, specifically the failure to pay overtime premiums and the failure to pay commissions.

63. As a result of these complaints, Defendants terminated Plaintiff.

64. Defendants' actions were motivated by Plaintiff's complaints about the failure to receive overtime wages and commissions.

65. Defendant's conduct constitutes unlawful retaliation in violation of, *inter alia*, Labor Law § 215.

66. Defendant's actions were willful.

67. Due to Defendants' violations, Plaintiff is entitled to the rights denied her, including back pay, front pay, compensatory damages and punitive damages, interest, attorneys' fees and costs, all in an amount to be determined at trial.

8

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court enter an award:

(a) Declaring the acts and practices complained of herein are in violation of the FLSA and New York Labor Law;

(b) Directing Defendant to pay Plaintiff her actual damages in an amount to be determined at trial for lost overtime wages, benefits, unpaid commission, back pay, front pay and other remuneration, liquidated damages and interest, as provided by the FLSA and New York Labor Law;

(c) Awarding Plaintiff punitive damages;

(d) Awarding Plaintiff reasonable attorneys' fees, together with the costs and disbursements of this action; and

(e) Such other and further relief as this Court deems just and equitable.


Dated: New York, New York
       July 8, 2013

                                        Respectfully Submitted,

                                        **LEVINE & BLIT, P.L.L.C.**

                                        By: RUSSELL MORIARTY, ESQ. (RM 0224)

                                        *Attorneys for Plaintiff, Darese Hayde*
                                        Empire State Building
                                        350 Fifth Avenue, Suite 3601
                                        New York, NY 10118
                                        Phone: (212) 967-3000
                                        Fax:   (212) 967-3010

9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
Darese Hayde                                                            :
                                                                        :
                                        PLAINTIFF,                      :
                        v.                                              :
                                                                        :
Atlantic Automobile Group, Inc.,                                        :
Millennium Hyundai,                                                     :
John Staluppi, *individually, and*                                      :
John Barbaro, *individually*.                                           :
                                        DEFENDANTS.                     :
------------------------------------------------------------------------x

# COMPLAINT

### LEVINE & BLIT, PLLC
*Attorney(s) for Plaintiff*
Darese Hayde
350 Fifth Avenue - Suite 3601
New York, New York 10118
Tel:  (212) 967-3000
Fax:  (212) 967-3010

To:

Atlantic Auto Group Inc.          Millenium Hyundai
193 Sunrise Hwy.                  220 North Franklin St.
West Islip, NY  11795             Hempstead, NY 11501

John Staluppi                     John Barbaro
193 Sunrise Hwy.                  Atlantic Auto Group Inc.
West Islip, NY  11795             Millenium Hyundai
                                  220 North Franklin St.
                                  Hempstead, NY 11501